THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

| | |
|---|---|
| 9 DND ALLIANCE INVESTMENTS, LLC, a Washington limited liability company, | CASE NO. C10-1761-JCC |
| 10 | |
| 11 Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON BREACH OF CONTRACT CLAIM AGAINST DEFENDANTS STERLING HILLS PROPERTIES, LLC AND ALPHONSO JOHNSON |
| 12 v. | |
| 13 | |
| 14 STERLING HILLS PROPERTIES, LLC, a Kentucky limited liability company; ALPHONSO JOHNSON; JANE DOE JOHNSON and their marital community; GEOFFRY STUPFEL; and JANE DOE STUPFEL and their marital community, | |
| 15 | |
| 16 | |
| 17 | |
| 18 Defendants. | |

19        This matter comes before the Court on Plaintiff DND Alliance Investments, LLC's

20   ("DND") motion for summary judgment against Defendants Sterling Hills Properties, LLC

21   ("Sterling Hills"), Alphonso Johnson ("Johnson"), Jane Doe Johnson, and the marital community

22   of Alphonso and Jane Doe Johnson, on its breach of contract claim against them (Dkt. No. 36).[1]

23   _____

24        [1] Defendants Geoffry Stupfel, Jane Doe Stupfel, and their marital community already

25   stipulated to a judgment against them on DND's claims (Dkt. No. 33), which the Court entered

26   on June 4, 2012 (Dkt. No. 35).

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ON BREACH OF
CONTRACT CLAIM AGAINST DEFENDANTS
STERLING HILLS PROPERTIES, LLC AND
ALPHONSO JOHNSON
PAGE - 1

1  None of the Defendants filed a response to the motion. Having thoroughly considered the motion

2  and supporting materials and the relevant record, the Court finds oral argument unnecessary and

3  hereby GRANTS DND's motion for summary judgment on its breach of contract claim against

4  Sterling Hills and Johnson, and DENIES DND's motion for summary judgment on its breach of

5  contract claim against Jane Doe Johnson and the marital community of Alphonso and Jane Doe

6  Johnson.

7  **I.      BACKGROUND**

8          DND asserts the following facts, which the Court considers undisputed. *See* Fed. R. Civ.

9  P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required

10  by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .");

11  *see also* Local Rule W.D. Wash. CR 7(b)(2) ("If a party fails to file papers in opposition to a

12  motion, such failure may be considered by the court as an admission that the motion has merit.").

13  In 2008, Sterling Hills was in the process of obtaining financing for a property purchase. (Dkt.

14  No. 37 Ex. 2 at 9.) The lender required proof of equity. (*Id.*) On December 17, 2008, DND and

15  Sterling Hills entered into a business loan agreement in which DND agreed to deposit $300,000

16  into a bank account in the name of DND and Sterling Hills, for use by Sterling Hills as proof of

17  equity. (*Id.*) DND agreed to the release of $120,000 of the $300,000 from the account for

18  Sterling Hills' use as a deposit for the acquisition financing. (*Id.* Ex. 2 at 10.) Sterling Hills

19  agreed to release the $300,000 back to DND the sooner of 90 days after executing the loan

20  agreement and associated promissory note (together, the "loan documents") and the date upon

21  which Sterling Hills obtained the acquisition financing. (*Id.* Exs. 2 at 10, 1 at 4.) Sterling Hills

22  also agreed to pay DND (1) a "release fee" of $14,400 on that date, in consideration of DND's

23  authorizing Sterling Hills to release the $120,000 acquisition financing deposit, and (2) a second

24  "fixed fee" of $150,000, 360 days after executing the note, in consideration of DND's $300,000

25  deposit in the joint account. (*Id.* Exs. 2 at 10, 1 at 4.) Sterling Hills agreed to pay interest at a rate

26  ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ON BREACH OF
CONTRACT CLAIM AGAINST DEFENDANTS
STERLING HILLS PROPERTIES, LLC AND
ALPHONSO JOHNSON
PAGE - 2

1    of 10% per annum on these amounts if not paid by their due dates. (*Id.* Ex. 1 at 4.) Finally,

2    Sterling Hills agreed to pay attorney's fees and expenses incurred by DND in collecting any

3    amounts due under the loan documents. (*Id.* Ex. 1 at 6.)

4         Sterling Hills transferred $195,000 (not $120,000) of the $300,000 to the acquisition

5    financing lender. (Dkt. No. 30 at 3 ¶ 3.5; Dkt. No. 17 at 3 ¶ 3.5; Dkt. No. 20 at 3 ¶ 3.5.) Sterling

6    Hills used the remaining $105,000 to secure a different loan. (Dkt. No. 30 at 3 ¶ 3.6; Dkt. No. 17

7    at 3 ¶¶ 3.6–3.7; Dkt. No. 20 at 3 ¶¶ 3.6–3.7.) DND charged Sterling Hills an additional $21,600

8    in "release fees" for Sterling Hills' transfers of these additional amounts out of the account—an

9    additional $9,000 for the transfer of the additional $75,000 to the acquisition financing lender,

10   and an additional $12,600 for the transfer of the remaining $105,000, for a grand total of $36,000

11   in release fees. (Dkt. No. 33-1 at 2 ¶ 6; *see* Dkt. No. 17 at 3 ¶ 3.5 (Johnson's answer to DND's

12   original complaint, in which he admits that "Plaintiff charged the borrower a fee of $36,000" for

13   the releases); Dkt. No. 20 at 3 ¶ 3.5 (Sterling Hills' answer to DND's original complaint, in

14   which it admits that "Plaintiff charged the borrower a fee of $23,400"—$14,400 plus $9,000—

15   for the $195,000 transfer).)

16        Sterling Hills never paid any of the amounts due. (Dkt. No. 33 at 2 ¶ 8; *see* Dkt. No. 17 at

17   3 ¶ 3.9 (Johnson's answer to DND's original complaint, in which he admits that "the principal,

18   interest, fees and costs have not been repaid pursuant to the terms of the Note"); Dkt. No. 20 at 3

19   ¶ 3.9 (Sterling Hills' answer, in which it admits the same).) As of November 17, 2011, the

20   amount Sterling Hills owed DND was $644,135.65. (Dkt. No. 33-1 at 2; Dkt. No. 36 at 3.)

21        Johnson signed a guaranty on December 17, 2008 in which he guaranteed "full and

22   punctual payment and satisfaction of the Indebtedness of [Sterling Hills] to [DND], and the

23   performance and discharge of all [Sterling Hills'] obligations under the Note and the Related

24   Documents." (Dkt. No. 37 Ex. 3 at 22.) The guaranty defines "Note" as "all of [Sterling Hills']

25   promissory notes and/or credit agreements evidencing [Sterling Hills'] loan obligations in favor

26   ORDER GRANTING PLAINTIFF'S MOTION FOR
     SUMMARY JUDGMENT ON BREACH OF
     CONTRACT CLAIM AGAINST DEFENDANTS
     STERLING HILLS PROPERTIES, LLC AND
     ALPHONSO JOHNSON
     PAGE - 3

1    of [DND], together with all . . . modifications of . . . promissory notes or credit agreements." (*Id.*

2    Ex. 3 at 28.) "Indebtedness" is defined as "all of the principal amount outstanding," "accrued

3    unpaid interest thereon and all collection costs and legal expenses related thereto permitted by

4    law, attorneys' fees arising from any and all debts, liabilities and obligations . . . that [Sterling

5    Hills] . . . owes or will owe [DND]," "other obligations and liabilities of [Sterling Hills]," and

6    "any . . . future advances, loans or transactions that . . . modify . . . these debts, liabilities and

7    obligations whether voluntarily or involuntarily incurred . . . ." (*Id.* Ex. 3 at 22.) The guaranty

8    further provides that it "will take effect when received by [DND] . . . and will continue in full

9    force until all the Indebtedness incurred or contracted before receipt by [DND] of any notice of

10   [Johnson's] revocation [of the guaranty] shall have been fully and finally paid and satisfied . . . ."

11   (*Id.* Ex. 3 at 23.)

12   **II.    DISCUSSION**

13           "The court shall grant summary judgment if the movant shows that there is no genuine

14   dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

15   Civ. P. 56(a). "If a party . . . fails to properly address another party's assertion of fact as required

16   by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" and

17   "grant summary judgment if the motion and supporting materials—including the facts

18   considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e). In

19   considering a summary judgment motion, the court views the evidence in the light most

20   favorable to the nonmoving party. *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir.

21   2011).

22           "Any failure to perform a contractual duty constitutes a breach, and an injured party is

23   generally entitled to those damages necessary to put that party in the same economic position it

24   would have occupied had the breach not occurred." *TMT Bear Creek Shopping Ctr., Inc. v. Petco

25   Animal Supplies, Inc.*, 165 P.3d 1271, 1282 (Wash. Ct. App. 2007) (internal citations omitted).

26   ORDER GRANTING PLAINTIFF'S MOTION FOR
     SUMMARY JUDGMENT ON BREACH OF
     CONTRACT CLAIM AGAINST DEFENDANTS
     STERLING HILLS PROPERTIES, LLC AND
     ALPHONSO JOHNSON
     PAGE - 4

1  The undisputed facts show that Sterling Hills agreed to pay DND $300,000 and fees of $186,000,

2  together with interest thereon at a rate of 10% per annum, along with attorney's fees and

3  expenses incurred by DND in connection with collecting on the amount owed, and that as of

4  November 17, 2011, that amount was $644,135.65. Sterling Hills breached its contract with

5  DND by failing to pay the amounts promised and is thus liable to DND for $644,135.65, plus

6  continuing interest, fees, and costs from November 17, 2011. The undisputed facts further show

7  that Defendant Alphonso Johnson personally guaranteed Sterling Hills' payments of those

8  amounts. He is thus also liable to DND for $644,135.65, plus continuing interest, fees, and costs

9  from November 17, 2011.

10      DND has provided no facts to support its motion for summary judgment against

11  Defendants Jane Doe Johnson and the marital community of Alphonso and Jane Doe Johnson. In

12  their affirmative defenses to DND's original complaint, Defendants Johnsons alleged that at the

13  time Alphonso Johnson signed the guaranty, he was unmarried, and that therefore neither Jane

14  Doe Johnson nor the marital community is obligated on that debt. (Dkt. No. 17 at 4 ¶ A; *see*

15  Wash. Rev. Code § 26.16.200 ("Neither person in a marriage . . . is liable for the debts or

16  liabilities of the other incurred before marriage . . . .").) DND's motion for summary judgment

17  on its breach of contract claim against Defendants Jane Doe Johnson and the marital community

18  of Alphonso and Jane Doe Johnson is therefore DENIED.

19  ## III.   CONCLUSION

20      For the foregoing reasons, DND's motion for summary judgment against Sterling Hills

21  and Alphonso Johnson on its breach of contract claim is GRANTED. (Dkt. No. 36.) These

22  Defendants' liability for the amount owed DND is to be offset by any payments made to DND

23  by any other Defendants in this matter. DND's motion for summary judgment against Jane Doe

24  Johnson and the marital community of Alphonso and Jane Doe Johnson is DENIED. (Dkt. No.

25  36.)

26  ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ON BREACH OF
CONTRACT CLAIM AGAINST DEFENDANTS
STERLING HILLS PROPERTIES, LLC AND
ALPHONSO JOHNSON
PAGE - 5

DATED this 20th day of September 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ON BREACH OF
CONTRACT CLAIM AGAINST DEFENDANTS
STERLING HILLS PROPERTIES, LLC AND
ALPHONSO JOHNSON
PAGE - 6